UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY RENTERIA,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social<br>Security,<br><br>　　　　　Defendant. | Case No. EDCV 10-768 JC<br><br>MEMORANDUM OPINION AND<br>ORDER OF REMAND |

**I.　SUMMARY**

On May 24, 2010, plaintiff Ricky Renteria ("plaintiff") filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits. The parties have consented to proceed before a United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion"). The Court has taken both motions under submission without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15; June 7, 2010 Case Management Order ¶ 5.

///

1

Based on the record as a whole and the applicable law, the decision of the Commissioner is REVERSED AND REMANDED for further proceedings consistent with this Memorandum and Opinion and Order of Remand because the Administrative Law Judge ("ALJ") did not properly assess the credibility of plaintiff's subjective complaints.

## II.  BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On November 21, 2006, plaintiff filed an application for supplemental security income benefits. (Administrative Record ("AR") 138-40). Plaintiff asserted that he became disabled on September 10, 2006, due to a lower back injury, numbness in the right leg, and shortness of breath. (AR 138, 148). The ALJ examined the medical record and heard testimony from plaintiff, who was represented by counsel, on September 23, 2008. (AR 80-107).

On October 28, 2008, the ALJ determined that plaintiff was not disabled through the date of the decision. (AR 55-62). Specifically, the ALJ found: (1) plaintiff suffered from the severe impairments of morbid obesity, sleep apnea, and degenerative disc disease (AR 57); (2) plaintiff's impairments, considered singly or in combination, did not meet or medically equal one of the listed impairments (AR 57); (3) plaintiff retained the residual functional capacity to perform a limited range of light work[1] (AR 58); (4) plaintiff could not perform his past relevant work (AR 60); (5) there are jobs that exist in significant numbers in the national economy that plaintiff could perform (AR 61); and (6) plaintiff's allegations regarding his limitations were not entirely credible (AR 59).

The Appeals Council denied plaintiff's application for review. (AR 1-3).

---

[1] Specifically, the ALJ determined that plaintiff "can lift and carry 20 pounds occasionally and 10 pounds frequently. He can stand and walk for 2 hours out of an 8-hour work day, and he can sit for 6 hours out of an 8-hour work day. He cannot work at unprotected heights or with dangerous machinery. He cannot balance, but he can occasionally climb, stoop, kneel, crouch, and crawl." (AR 58).

### III. APPLICABLE LEGAL STANDARDS

#### A. Sequential Evaluation Process

To qualify for disability benefits, a claimant must show that he is unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least twelve months. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citing 42 U.S.C. § 423(d)(1)(A)). The impairment must render the claimant incapable of performing the work he previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

In assessing whether a claimant is disabled, an ALJ is to follow a five-step sequential evaluation process:

(1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

(2) Is the claimant's alleged impairment sufficiently severe to limit his ability to work? If not, the claimant is not disabled. If so, proceed to step three.

(3) Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is disabled. If not, proceed to step four.

(4) Does the claimant possess the residual functional capacity to perform his past relevant work? If so, the claimant is not disabled. If not, proceed to step five.

(5) Does the claimant's residual functional capacity, when considered with the claimant's age, education, and work experience, allow him to adjust to other work that exists in

|   |   |
|---|---|
| 1 | significant numbers in the national economy?  If so, the |
| 2 | claimant is not disabled.  If not, the claimant is disabled. |

Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920).  The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five.  Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001) (citing Tackett, 180 F.3d at 1098); see also Burch, 400 F.3d at 679 (claimant carries initial burden of proving disability).

### B. Standard of Review

Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error.  Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995)).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citations and quotations omitted).  It is more than a mere scintilla but less than a preponderance.  Robbins, 466 F.3d at 882 (citing Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).

To determine whether substantial evidence supports a finding, a court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)).  If the evidence can reasonably support either affirming or reversing the ALJ's conclusion, a court may not substitute its judgment for that of the ALJ.  Robbins, 466 F.3d at 882 (citing Flaten, 44 F.3d at 1457).

///
///
///

## IV. DISCUSSION

### A.  The ALJ Improperly Assessed Plaintiff's Credibility.

The Court construes plaintiff's argument that the ALJ failed "to adequately consider the functional limitations imposed by [plaintiff's] morbid obesity and sleep apnea" (Plaintiff's Motion at 8-10) as a contention that the ALJ improperly evaluated the credibility of plaintiff's subjective complaints. (See Defendant's Motion at 6-10) (arguing that the ALJ's adverse credibility determination was proper). Plaintiff's argument is persuasive.

#### 1.  Pertinent Law

"To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis." Lingenfelter v. Astrue, 504 F.3d 1028, 1035-36 (9th Cir. 2007). First, "the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" Id. (quoting Bunnell v. Sullivan, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)).

"Second, if the claimant meets this first test, and there is no evidence of malingering, 'the ALJ can reject the claimant's testimony about the severity of [his] symptoms only by offering specific, clear and convincing reasons for doing so.'" Lingenfelter, 504 F.3d at 1036 (citations omitted). "In making a credibility determination, the ALJ 'must specifically identify what testimony is credible and what testimony undermines the claimant's complaints.'" Greger v. Barnhart, 464 F.3d 968, 972 (9th Cir. 2006) (citation omitted). "The ALJ must cite the reasons why the claimant's testimony is unpersuasive." Orn v. Astrue, 495 F.3d 625, 635 (9th Cir. 2007) (citation and quotation marks omitted). In weighing credibility, the ALJ may consider factors including: the nature, location, onset, duration, frequency, radiation, and intensity of any pain; precipitating and aggravating factors (e.g., movement, activity, environmental conditions); type, dosage,

effectiveness, and adverse side effects of any pain medication; treatment, other than medication, for relief of pain; functional restrictions; the claimant's daily activities; and "ordinary techniques of credibility evaluation." Bunnell, 947 F.2d at 346 (citing Social Security Ruling ("SSR") 88-13[2]; quotation marks omitted). The ALJ may consider (a) inconsistencies or discrepancies in a claimant's statements; (b) inconsistencies between a claimant's statements and activities; (c) exaggerated complaints; and (d) an unexplained failure to seek treatment. Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002). If properly supported, the ALJ's credibility determination is entitled to "great deference." See Green v. Heckler, 803 F.2d 528, 532 (9th Cir. 1986).

### 2. Analysis

In this case, the ALJ found that plaintiff's "medically determinable impairments could reasonably be expected to produce the alleged symptoms; however, [plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the . . . residual functional capacity assessment." (AR 59). The ALJ provided several reasons for discounting plaintiff's credibility. The Court finds none of them to be clear and convincing.

First, the ALJ concluded that the objective medical evidence did not support the extent of plaintiff's subjective limitations. (AR 59-60). An ALJ may consider lack of medical evidence supporting the degree of limitations, but it "cannot form the sole basis for discounting" subjective symptom testimony. Burch, 400 F.3d at 681. As discussed below, the ALJ provided no other valid reason for discounting plaintiff's testimony. Thus, to the extent the ALJ correctly concluded that there

---

[2]Social Security rulings are binding on the Administration. See Terry v. Sullivan, 903 F.2d 1273, 1275 n.1 (9th Cir. 1990). Such rulings reflect the official interpretation of the Social Security Administration and are entitled to some deference as long as they are consistent with the Social Security Act and regulations. Massachi v. Astrue, 486 F.3d 1149, 1152 n.6 (9th Cir. 2007) (citing SSR 00-4p).

6

was a lack of objective medical evidence to substantiate plaintiff's claims, this reason does not alone suffice to discount her credibility.

Next, the ALJ observed that plaintiff stated he "requires a walker in order to ambulate," but no physician had prescribed a walker and plaintiff was using a borrowed one. (AR 60). In addition, the ALJ noted that the consultative examiner "reported that [plaintiff] could ambulate without the walker." (AR 59 (citing Exhibit 4F [AR 248-53])). Plaintiff testified that he began using the walker in 2006 and relied on it whenever he needed to walk more than about twenty paces. (AR 89-90, 100). He stated that he needed the walker because he has difficulty holding himself up, and the walker helps relieve back pain and leg weakness when he stands. (AR 90, 99). Plaintiff testified that, unassisted, he can stand "barely even five" minutes. (AR 100). One treating physician noted that plaintiff "requires [a] walker to ambulate." (AR 18, 274).[3] That plaintiff borrowed a walker, instead of obtaining and presumably paying for a prescribed one, does not clearly and convincingly undermine his testimony concerning his reliance on the walker. Similarly, the consultative examiner's observation that "[n]o assistive device is required for ambulation across the room" (AR 252) does not necessarily conflict with plaintiff's testimony that he depends on a walker whenever he walks more than about twenty paces, and does not suffice to undermine his credibility.

Next, the ALJ faulted plaintiff for "fail[ing] to follow the advice of his treating sources, who have frequently urged [plaintiff] to exercise more and make dietary modifications." (AR 60). As support for this assertion, the ALJ cites a treatment note dated December 1, 2006, by Dr. Martha Melendez, stating that she has "explained to him that the best way to treat his low back pain is by gradual weight loss, and the patient may actually even be a candidate for bariatric surgery.

---

[3]This evidence, which was not before the ALJ but was submitted to the Appeals Council, is part of the Administrative Record for purposes of the Court's analysis. See Harman v. Apfel, 211 F.3d 1172, 1179-80 (9th Cir.), cert. denied, 531 U.S. 1038 (2000); Ramirez v. Shalala, 8 F.3d 1449, 1452 (9th Cir. 1993); Penny v. Sullivan, 2 F.3d 953, 957 n.7 (9th Cir. 1993).

At this point, the patient feels that he has tried everything he can for weight loss . . . ." (AR 228). This evidence does not demonstrate that plaintiff has failed to follow a prescribed weight loss regimen. In fact, as late as August 30, 2008 – less than one month before the hearing – a physician noted that plaintiff "has not had [a weight] loss program [with] a doctor." (AR 270). At the hearing, plaintiff testified that he was told he was not a candidate for weight loss surgery and that he had recently begun taking a medication "for weight control for people that are morbidly obese." (AR 91). The ALJ's statement plaintiff "has failed to follow the advice of his treating sources" is not supported by the evidence and therefore does not malign plaintiff's credibility. See also Orn, 495 F.3d at 636-37 (noting that Social Security Ruling 02-01p "precludes the ALJ from considering the effect of any failure to follow treatment for obesity" unless the claimant has been found disabled because of obesity and there is "clear evidence that treatment would be successful").

Finally, the ALJ made similar observations regarding plaintiff's alleged failure to follow prescribed treatments for sleep apnea and incontinence. (AR 60). Plaintiff testified that although a continuous positive airway pressure ("CPAP") machine improved his breathing, he "wasn't getting any sleep at all" because of the machine's noise and was "really sleepy" during the day. (AR 100). Under those circumstances, his decision to cease using the CPAP machine does not undermine his credibility. Regarding plaintiff's incontinence, Dr. Melendez recommended that he wear adult diapers and urinate on a regular basis. (AR 228). Plaintiff testified that a physician ordered him "the biggest size" of diapers but "[t]hey didn't even fit." (AR 102). In light of these circumstances, plaintiff's failure to follow Dr. Melendez's recommended course of treatment does not undermine his credibility.

Remand is warranted for the ALJ to reassess plaintiff's credibility.

///

## V.   CONCLUSION[4]

For the foregoing reasons, the decision of the Commissioner of Social Security is reversed in part, and this matter is remanded for further administrative action consistent with this Opinion.[5]

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED:  December 15, 2010

                                                /s/
                                      Honorable Jacqueline Chooljian
                                      UNITED STATES MAGISTRATE JUDGE

---

[4] The Court need not, and has not adjudicated plaintiff's other challenges to the ALJ's decision, except insofar as to determine that a reversal and remand for immediate payment of benefits would not be appropriate.

[5] When a court reverses an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Immigration & Naturalization Service v. Ventura, 537 U.S. 12, 16 (2002) (citations and quotations omitted). Remand is proper where, as here, additional administrative proceedings could remedy the defects in the decision. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989); see also Connett v. Barnhart, 340 F.3d 871, 876 (9th Cir. 2003) (remand is an option where the ALJ stated invalid reasons for rejecting a claimant's excess pain testimony).